**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANSELMO ASCENCIO-MARCELO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.   18-71505 Agency No. A201-240-902 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Anselmo Ascencio-Marcelo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Ascencio-Marcelo established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(5). Thus, Ascencio-Marcelo's asylum claim fails.

The agency did not err in finding that Ascencio-Marcelo failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Ascencio-Marcelo's withholding of removal claim fails.

18-71505

Substantial evidence supports the BIA's denial of CAT relief because Ascencio-Marcelo failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in petitioner's home country was insufficient to meet standard for CAT relief).

As to cancellation of removal, we lack jurisdiction to consider Ascencio-Marcelo's challenge to the BIA's discretionary determination that he failed to show exceptional and extremely unusual hardship to a qualifying relative. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 735-36 (9th Cir. 2012) (court lacks jurisdiction to review merits of hardship determination and only retains jurisdiction over constitutional claims that have "some possible validity" (citation omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**